JOINER, Judge,
concurring in part and dissenting in part.
I concur in the affirmance of Courtney Larrell Lockhart’s conviction, and, with one exception, I find no error as to the penalty-phase proceedings.
I am troubled by the circuit court’s consideration of the statements of “several members of [the victim’s] family ... that they [did] not recommend leniency and ... that Lockhart [should] receive the death penalty.” Although the circuit court’s order states that the court “considered] these statements only to show that the family opposed leniency,” the sentencing order clearly states that the court relied on those statements as a “factor ... weighting] in favor of judicial override” of the jury’s unanimous recommendation of life in prison without .the possibility of parole; to the extent the circuit court relied on those statements as a factor weighing in favor of judicial override, I believe the circuit court’s decision does not comply with the principles set forth in Ex parte Tomlin, 909 So.2d 283, 286 (Ala.2003), and Ex parte Carroll, 852 So.2d 833, 836 (Ala.2002), regarding what the court may consider in its decision to override a jury’s recommendation.
In my view, the circuit court could rely on that evidence from the victim’s family solely to demonstrate the absence of a nonstatutory mitigating circumstance — i.e., that the victim’s family did not support leniency for Lockhart. At a minimum,. I would remand this case with instructions that the circuit court reweigh the aggravating and mitigating circumstances without considering the family’s statements as a factor weighing in favor of judicial override.